

DENIED

Judge Edward J. Davila

June 21, 2023

Jun E. Kosey
2206 40th Ave
Santa Cruz, CA 95062
(831) 295-8360

IN PRO PER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| JUN E. KOSEY,<br>　　　　　Plaintiff,<br><br>v.<br><br>THE COUNTY OF SANTA CRUZ,<br>SANTA CRUZ COUNTY SHERIFF'S<br>DEPARTMENT, AN AGENCY; ADA<br>GRETCHEN BROCK, AN INDIVIDUAL,<br>AND DOES 1 THROUGH 360,<br>INCLUSIVE,<br>　　　　　Defendants. | Case No. 5:22-cv-07340-EJD<br><br>EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME TO HEAR PLAINTIFF'S MOTION TO AMEND COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Date: 06/22/2023<br>Time: 09:00 AM<br>Courtroom: 4, 5th Floor |

TO DEFENDANTS AND THEIR COUNSELS OF RECORD:

NOTICE IS HEREBY GIVEN that on 06/22/2023 at 09:00 AM., or as soon thereafter as the matter can be heard in Courtroom 4 of this Court, located at San Jose Courthouse, 5th Floor 280 South 1st Street, San Jose, CA 95113, Plaintiff will move the Court for leave to file a Fourth Amended Complaint, pursuant to California Code of Civil Procedure §§ 473 and 576, and Federal Rule of Civil Procedure 15(a).

The motion will be made on the grounds that the Fourth Amended Complaint is in furtherance of justice and in the filing of this amended complaint, Defendants will not suffer substantial prejudice, and there is no other reason plaintiffs should not be given leave to

amend. Furthermore, the Fourth Amended Complaint relates back to the date of the original pleading pursuant to Federal Rule 15(c)(1)(B) and Rule 15(c)(1)(C)(i) and (ii).

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Attached to this Motion is a comparison copy of the section of the Amended Complaint that shows the changes to the original Complaint.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR NOTICE AND HEARING ON PLAINTIFF'S MOTION TO AMEND COMPLAINT

### I.   INTRODUCTION.

This motion is made on the basis that there exist causes for mandatory withdrawal preventing Counsel from providing further representation of Plaintiff. Plaintiff consents to Amy Sommer Anderson being relieved as Counsel.

### II.   THE COURT IS AUTHORIZED TO SHORTEN TIME FOR NOTICE AND HEARING OF THE PROPOSED MOTION.

Code Civ. Proc. § 1005 prescribes the times for written notice of motions and for the service and filing of supporting and opposing papers. Code Civ. Proc. § 1005(b), however, provides that "[t]he court, or a judge thereof, may prescribe a shorter time" than otherwise prescribed in § 1005. California Rules of Court, rule 3.1300(b) states: The court, on its own motion or on application for an order shortening time supported by a declaration showing good cause, may prescribe shorter times for the filing and service of papers than the time specified in Code of Civil Procedure section 1005. As stated in the Notice and Declaration of Amy Sommer Anderson submitted herewith, good cause exists to shorten time for the hearing of Amy Sommer Anderson's MOTION TO BE RELIEVED AS COUNSEL

in that both circumstances and desires of the relevant parties prevent Amy Sommer Anderson's continued representation of Plaintiff.

### III.   EX PARTE RELIEF IS WARRANTED UNDER THE CIRCUMSTANCES.

An applicant must make an affirmative factual showing in a declaration containing competent testimony based on personal knowledge of irreparable harm, immediate danger, or any other statutory basis for granting relief *ex parte*. California Rules of Court, rule 3.1202(c).

Depriving the Plaintiff of zir constitutional right to due process, may cause irreparable harm that cannot be fully compensated with money. The Plaintiff was informed and believed the date of the opposing counsel's: COUNTY OF SANTA CRUZ DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [FRCP 12(b)(6)]; was scheduled for Date: August 24, 2023 Time: 9:00 a.m. The Plaintiff would suffer undue prejudice from the denial of a hearing to amend zir complaint.

### IV.   COUNSEL HAS FULLY COMPLIED WITH CALIFORNIA RULES OF COURT, RULES 3.1203 AND 3.1204.

Among other provisions, Cal. Rules of Court, rule 3.1203 provides as follows: A party seeking an ex parte order must notify all parties no later than 10:00 a.m. the court day before the ex parte appearance, absent a showing of exceptional circumstances that justify a shorter time for notice. California Rules of Court, rule 3.1203(a). An ex parte application must be accompanied by a declaration regarding notice stating:

(1) The notice given, including the date, time, manner, and name of the party informed, the relief sought, any response, and whether opposition is expected and that, within the applicable time under rule 3.1203, the applicant informed the opposing party where and when the application would be made;

(2) That the applicant in good faith attempted to inform the opposing party but was unable to do so, specifying the efforts made to inform the opposing party; or

(3) That, for reasons specified, the applicant should not be required to inform the opposing party. California Rules of Court, rule 3.1204(b). As stated in the Declaration of Amy Sommer Anderson, filed herewith, Counsel has duly complied

with the notice requirements of California Rules of Court, rule 3.1203(a) and California Rules of Court, rule 3.1204(b).

**V. <u>CONCLUSION</u>.**

In view of the foregoing facts and authorities, Jun Kosey hereby submits that good cause exists for an *ex parte* Order shortening time for notice and hearing of PLAINTIFF'S MOTION TO AMEND COMPLAINT.

Respectfully submitted, Dated this: 06/21/2023

_____

Jun Kosey, IN PRO PER

EX PARTE APPLICATION FOR ORDER SHORTENING TIME TO HEAR PLAINTIFF'S MOTION TO AMEND COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION IN SUPPORT