1
2
3
4                    UNITED STATES DISTRICT COURT
5                   NORTHERN DISTRICT OF CALIFORNIA
6                         SAN JOSE DIVISION
7

8    JUN E. KOSEY,                        Case No.  5:22-cv-07340-EJD

9                    Plaintiff,           **ORDER GRANTING IN PART AND**
                                          **DENYING IN PART MOTION TO**
10            v.                          **DISMISS**

11   COUNTY OF SANTA CRUZ, et al.,        Re: Dkt. No. 66

12                   Defendants.

13        Pro se Plaintiff, Jun E. Kosey ( "Plaintiff"), brought this action against the County of Santa

14   Cruz ("County"), Santa Cruz County Sheriff's Department ("Sheriff's Department"), Zachary

15   West, Emma Ramponi, Leland Blankenship, August Waltrip, Phillip Major, and Does 1–360

16   (collectively "Defendants") alleging that Defendants' failure to take appropriate actions following

17   Plaintiff's reports of sexual assault, and the subsequent arrest of Plaintiff following Plaintiff's

18   report of domestic violence, violated Plaintiff's various constitutional rights and gave rise to

19   claims of defamation, intentional infliction of emotional distress ("IIED"), and negligent infliction

20   of emotional distress ("NIED").  Pl.'s Third Amended Complaint ("TAC"),[1] ECF No. 64.

21        Defendants filed a motion to dismiss Plaintiff's TAC under Federal Rule of Procedure

22   12(b)(6) for failure to state a claim.  Defs.' Mot. to Dismiss ("Mot."), ECF No. 66.  Plaintiff filed

23   an opposition.  Pl.'s Opp'n to Defs.' Mot. to Dismiss ("Opp'n"), ECF No. 67.  Defendants filed a

24   reply.  Defs.' Reply in Supp. of Mot. ("Reply"), ECF No. 68.

25

26   _____

27   [1] While titled "Fourth Amended Complaint," this is Plaintiff's third time amending zir complaint
     in this Court, thus the Court will refer to it as the "Third Amended Complaint."  *See* ECF Nos. 20,
     40, 64.
28   Case No.: 5:22-cv-07340-EJD
     ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS
                                      1

United States District Court
Northern District of California

Having carefully reviewed the relevant documents, the Court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b).  For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss without leave to amend.

## I.        BACKGROUND

The Court summarized the procedural history and factual allegations in its November 6, 2023, Order ("Prior Order") granting Plaintiff's motion for leave to amend and terminating as moot Defendants' motion to dismiss.  Order Granting Mot. to for Leave to Amend and Terminating Mot. to Dismiss ("Prior Order"), ECF No. 63.  All facts regarding the failure to take appropriate action following Plaintiff's sexual assault reports to the Sheriff's Department on November 9, 2021, December 26, 2021, and March 2, 2022, largely remain unchanged.  The Court need not repeat those allegations here.  However, regarding the April 15, 2022, domestic violence report and subsequent arrest, Plaintiff alleges the following additional facts.[2]

On April 15, 2022, Plaintiff called the Sheriff's Department while running out of the bathroom following a domestic violence attack.  TAC ¶ 55.  Plaintiff was rushed to the emergency room to receive stitches for an injury to Plaintiff's face.  *Id.*  The alleged perpetrator presented no injuries.  *Id.*  The deputies who arrived on the scene recommended for Plaintiff an emergency protective order against the perpetrator, which was later granted by a judge.  *Id.*  In the emergency room, Plaintiff reported to law enforcement more details of the abuse.  *Id.* ¶ 56.  Plaintiff reported that the perpetrator attacked Plaintiff while ze[3] was in the shower because the perpetrator was angered by the sound of Plaintiff's singing.  *Id.*  The perpetrator struck Plaintiff across the face and knocked Plaintiff to the ground.  *Id.*  Plaintiff was struck a second time trying to stand back up.  *Id.*  The perpetrator then held Plaintiff's face down against the ledge of the tub basin.  *Id.*  Plaintiff was able to escape and run out of the bathroom to call the police.  *Id.*  After Plaintiff reported these details and the doctor finished Plaintiff's stitches, the deputies informed Plaintiff

---

[2] The Court will not consider facts stated in Plaintiff's opposition that were not included in the TAC.
[3] Plaintiff uses ze/zir pronouns in all filings, so the Court does the same. *See, e.g.*, TAC; Opp'n.

United States District Court
Northern District of California

1  that they were taking Plaintiff to jail. *Id.* When Plaintiff asked why, the arresting deputy told

2  Plaintiff that in the state of California, when there is a report of domestic violence, both

3  perpetrator and victim are arrested. *Id.*

4       While in jail, Plaintiff was housed with female inmates. *Id.* ¶ 61. Plaintiff alleges that nine

5  out of the ten inmates shared that they were also victims of domestic violence who reported the

6  abuse and were brought in on charges that "violated due process." *Id.*

7       Plaintiff also alleged new facts indicating that, when Plaintiff made reports to the Sheriff's

8  Department, Plaintiff felt interrogated rather than questioned, with deputies repeatedly making

9  statements such as: "I'm sorry but you are reporting an incident that occurred several months ago.

10  There is nothing we can do at this point"; "How can you remember any details given how much

11  you had to drink?"; and "What did you think was going to happen after you went to his room

12  alone?" *Id.* ¶ 57.

13       Based on these new facts, Plaintiff alleges that "[t]he Santa Cruz County sheriff's department

14  has a custom or practice of misclassifying sexual assault and domestic violence cases." *Id.* Plaintiff

15  also alleges that the "County of Santa Cruz is actively engaged in a campaign to criminalize female

16  survivors of domestic violence and sexual assault as a means of retaliation intended to silence or

17  chill the exercise of free speech in women who speak out about abuse." *Id.* ¶ 61.

18       Separate from these instances, Plaintiff also alleges that zir public defender, Ryan

19  Perreault, in an unrelated criminal case involving another resident at Plaintiff's housing complex,

20  had a conversation with Plaintiff outside the courtroom after a criminal hearing where Mr.

21  Perreault said that Plaintiff had a history of violent behavior at Plaintiff's residence. *Id.* ¶ 62.

22  Plaintiff alleges that this "comment by Perreault was evidence of defamation committed against

23  Kosey by public officials in the municipality . . . . [for exercising] zir 1st Amendment rights when

24  ze filed the lawsuit against Santa Cruz County, originally filed on 07/29/2022." *Id.* ¶ 62.

25       Based on the facts previously pled and the additional allegations summarized above,

26  Plaintiff's TAC now brings the following claims: (1) violation of the First Amendment right to

27  petition the government for redress of grievances—retaliation, 42 U.S.C. § 1983; (2) violation of

the Fourteenth Amendment right to substantive due process and equal protection clause, 42 U.S.C. § 1983; (3) local government liability—policy or custom, 42 U.S.C. § 1983; (4) local government liability—failure to train, 42 U.S.C. § 1983; (5) supervisor liability, 42 U.S.C. § 1983; (6) defamation; (7) failure to prevent deprivation of federal civil rights, 42 U.S.C. § 1986; (8) intentional infliction of emotional distress ("IIED"); and (9) negligent infliction of emotional distress ("NIED"). Plaintiff's amended complaint also adds individual Defendants from the Sheriff's Department, Sergeant Zachary West, Deputy Emma Ramponi, Deputy Leland Blankenship, Deputy August Waltrip, and Deputy Phillip Major.

## II.    LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. Pro. 8(a)(2). While a plaintiff need not offer detailed factual allegations to meet this standard, she is required to offer "sufficient factual matter . . . 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively[,]" and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must generally accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S at 664. The court also must construe the alleged facts in the light most favorable to the plaintiff. *See Retail Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014) ("[The court] must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party."). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But still, even pro se pleadings "must meet some minimum threshold in providing a

Case No.: 5:22-cv-07340-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

4

1    defendant with notice of what it is that it allegedly did wrong" and how they are entitled to relief.

2    *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

3        If the court concludes that a 12(b)(6) motion should be granted, the "court should grant

4    leave to amend even if no request to amend the pleading was made, unless it determines that the

5    pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d

6    1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

## III.    DISCUSSION

8        Defendants move to dismiss Plaintiff's TAC in its entirety arguing that Plaintiff failed to

9    allege facts sufficient to state a claim for relief.  *See* Mot.  The Court will address each claim

10   below to determine whether the additional facts alleged in Plaintiff's TAC cured the deficiencies

11   the Court identified in its Prior Order.

### A.    First Amendment Right to Petition

13       The First Amendment to the U.S. Constitution prevents the federal government and the

14   States (through the Fourteenth Amendment) from abridging "the right of the people . . . to petition

15   the Government for a redress of grievances."  U.S. Const. amend. I; *see also Edwards v. South

16   Carolina*, 372 U.S. 229, 235 (1963) (noting that the right to petition has been incorporated against

17   the States).  The right to petition applies with equal force to a person's right to seek redress from

18   all branches of government.  *See Cal. Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508,

19   510 (1972).  Filing a police report may be an activity protected under the right to petition.  *Doe v.

20   Cnty. of San Mateo*, No. C 07-05596 SI, 2009 WL 735149, at *5 (N.D. Cal. Mar. 19, 2009).

21   However, there is "no right to a response or any particular action when a citizen petitions the

22   government for redress of grievances."  *Id.*; *see also Comm. to Protect our Agric. Water v.

23   Occidental Oil & Gas Corp.*, 235 F. Supp. 3d 1132, 1182 (E.D. Cal. 2017) ("[T]he Petition Clause

24   'does not impose any affirmative obligation on the government to listen, to respond to or . . . to

25   recognize' grievances.") (quoting *Smith v. Ark. State Highway Emps., Local*, 441 U.S. 463, 465

26   (1979).  Rather, "the proper inquiry asks whether an official's acts would chill or silence a person

27   of ordinary firmness from future First Amendment activities."  *Mendocino Env't Ctr. v. Mendocino*

28   Case No.: 5:22-cv-07340-EJD

United States District Court
Northern District of California

1    *Cnty.*, 192 F.3d 1283, 1300 (9th Cir. 1999) (internal quotation marks omitted).

2         The Court construes Plaintiff's TAC as essentially alleging that three categories of

3    incidents violated Plaintiff's first amendment right to petition: (1) Defendants' failure to

4    adequately investigate Plaintiff's three reports of sexual assault; (2) Plaintiff's arrest following

5    Plaintiff's April 15 domestic violence report; and (3) Defendants' defamatory statements made in

6    retaliation for the present lawsuit.

7              **1.    Failure to Adequately Investigate Sexual Assault Reports**

8         As to Defendants' failure to adequately investigate Plaintiff's prior reports of sexual

9    assault to the Sheriff's Department on November 9, 2021, December 26, 2021, and March 2, 2022,

10   these facts remain the same as in the prior complaint.  Plaintiff has failed to plead any additional

11   facts to show that Defendants' failure to investigate Plaintiff's reports constituted a violation of zir

12   right to petition the government.

13             **2.    April 15 Domestic Violence Report and Arrest**

14        However, the Court finds that Plaintiff's amendments cure the deficiencies identified in the

15   Court's Prior Order as to the April 15, 2022, domestic violence report and subsequent arrest.

16        Plaintiff alleges to have exercised zir first amendment right to petition the government by

17   reporting an instance of domestic violence to the Sherriff's Department on April 15, 2022.  TAC ¶

18   55.  After being brought to an emergency room where Plaintiff received stitches, a deputy

19   allegedly told Plaintiff that ze was going to jail.  *Id.* ¶ 56.  When Plaintiff asked why, the deputy

20   allegedly informed Plaintiff that in California, when there is a domestic violence report, both the

21   reporting victim and the perpetrator are arrested.  *Id.*  The deputy then proceeded to arrest

22   Plaintiff.  *Id.*  A person of ordinary firmness who learned that the Sheriff's Department

23   categorically arrests reporting victims of domestic violence, and who then is in fact arrested after

24   making a report of domestic violence, would reasonably be chilled from exercising their first

25   amendment right to petition the Sherriff's Department for redress should they experience domestic

26   violence again.

27        The Court therefore finds that Plaintiff's complaint sufficiently states facts to support a

28   Case No.: 5:22-cv-07340-EJD
     ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS
                                            6

*United States District Court*
*Northern District of California*

1    claim that the deputy's statement and subsequent arrest following Plaintiff's April 15 report gives

2    rise to a claim under the First Amendment right to petition.

3                          **3.    Retaliation for Filing Present Lawsuit**

4          Plaintiff also newly alleges that Defendants violated Plaintiff's right to petition by

5    defaming Plaintiff in retaliation for the present lawsuit.  TAC ¶ 62.  Specifically, Plaintiff alleges

6    that zir public defender in an unrelated criminal case made statements to Plaintiff indicating that

7    Plaintiff has a history of violent behavior against other residents at Plaintiff's housing facility, and

8    that these statements were "evidence of defamation committed against Kosey by public officials in

9    the municipality" in retaliation for the present lawsuit.  *Id.*  However, Plaintiff does not allege any

10   statements made by a public official in the municipality, any connection between zir public

11   defender's statements and a public official in the municipality, or any connection between zir

12   public defender's statements and the present action.  These facts are insufficient to support a claim

13   that public officials in the municipality have engaged in defamation in retaliation for the present

14   lawsuit in violation of zir First Amendment right to petition.

15                                         * * *

16         The Court therefore **DENIES** Defendants' motion to dismiss claim 1.  The Court finds that

17   Plaintiff may proceed on zir claim that the deputy's statement and subsequent arrest following

18   Plaintiff's April 15 domestic violence report gives rise to a claim under the First Amendment right

19   to petition the government.

20         **B.    Substantive Due Process**

21         The Fourteenth Amendment Due Process Clause protects individuals against the deprivation

22   of liberty or property by the government without due process.  *See Portman v. Cty. of Santa Clara*,

23   995 F.2d 898, 904 (9th Cir. 1993); *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972).  Substantive

24   due process "forbids the government from depriving a person of life, liberty, or property in such a

25   way that 'shocks the conscience' or 'interferes with the rights implicit in the concept of ordered

26   liberty.'"  *Corales v. Bennett*, 567 F.3d 554, 568 (9th Cir. 2009).  The substantive due process

27   Clause "is simply not implicated by a negligent act of an official causing unintended loss of or injury

28

United States District Court
Northern District of California

1    to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

2          The Court again divides its analysis into two categories of allegations: (1) the failure to

3    investigate, and (2) the April 15 domestic violence report and arrest.

### 1.    Failure to Adequately Investigate Sexual Assault Reports

5          As to Defendants' failure to investigate Plaintiff's prior sexual assault reports to the

6    Sheriff's Department on November 9, 2021, December 26, 2021, and March 2, 2022, these facts

7    remain largely the same as in the prior complaint.  Plaintiff has failed to plead any additional facts

8    to show that Defendants' failure to investigate Plaintiff's reports constituted a violation of zir right

9    to substantive due process.

### 2.    April 15 Domestic Violence Report and Arrest

11         As to the April 15 arrest, the Ninth Circuit has held "that Fourth Amendment principles,

12   not those of due process, govern" cases involving pretrial deprivations of liberty.  *Galbraith v.*

13   *Cnty. of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002); *see also Bethune v. City of Washougal*,

14   642 F. Supp. 3d 1246, 1251 (W.D. Wash. 2022) ("[C]laims alleging substantive due process

15   violations before or during an arrest must be analyzed under the Fourth, not Fourteenth,

16   Amendment.") (citing *Fontana v. Haskin*, 262 F.3d 871, 882 (9th Cir. 2001) (finding that

17   "[s]exual misconduct by a police officer toward another generally is analyzed under the

18   Fourteenth Amendment; sexual harassment by a police officer of a criminal suspect during a

19   continuing seizure is analyzed under the Fourth Amendment").  Therefore, because Plaintiff's

20   substantive due process claim arising from the April 15 arrest involves a pretrial deprivation of

21   liberty, the Fourteenth Amendment's due process principles are not the proper inquiry.

22                                        * * *

23         The Court therefore **GRANTS** Defendants' motion to dismiss claim 2 as to the substantive

24   due process clause claim.  Plaintiff has failed to allege facts to support a claim that the failure to

25   investigate the sexual assault reports violated Plaintiff's substantive due process rights, or that the

26   April 15 arrest supports a claim under the Fourteenth Amendment's due process principles.  Given

27   that this is Plaintiff's third attempt in this Court to allege additional facts to support this claim, the

28   Case No.: 5:22-cv-07340-EJD

1    Court grants the motion to dismiss this claim without leave to amend. *See Lopez*, 203 F.3d at 1127.

2        **C.    Equal Protection**

3        "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall

4    'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a

5    direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v.*

6    *Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).

7        There are generally two types of equal protection claims.  First, an equal protection claim

8    may allege discrimination based on membership in a protected class, where "a plaintiff must show

9    that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon

10   membership in a protected class." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001);

11   *Barren v. Harrington*, 152 F.3d 1193, 1194–95 (9th Cir. 1998).  In order to establish that a

12   defendant's conduct amounts to "intentional discrimination," a plaintiff must show that the

13   defendant "acted at least in part because of a plaintiff's protected status." *Serrano v. Francis*, 345

14   F.3d 1071, 1082 (9th Cir. 2003).  Second, even if a claim does not involve a suspect class, an

15   equal protection claim may allege discrimination based on a class of one, "where the plaintiff

16   alleges that she has been intentionally treated differently from others similarly situated and that

17   there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S.

18   562, 564 (2000) (citing *Sioux City Bridge Co. v. Dakota County*, 260 U.S. 441 (1923) and

19   *Allegheny Pittsburgh Coal Co. v. Commission of Webster Cty.*, 488 U.S. 336 (1989)).  In the

20   domestic violence context, courts have found that a plaintiff may prevail on an equal protection

21   claim by proving that the police treated domestic assaults differently from other forms of assault

22   by, for example, consistently affording less protection when the victim was assaulted by an

23   intimate partner.  *See Fajardo v. County of Los Angeles*, 179 F.3d 698 (9th Cir. 1999) (finding

24   that district court erred when it concluded as a matter of law that the defendant's domestic

25   violence classification of being less serious than non-domestic violence crimes was rational and

26   reasonable under the equal protection clause).

27       The Court again divides its analysis into two categories of allegations: (1) the failure to

28   Case No.: 5:22-cv-07340-EJD
     ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

*United States District Court*
*Northern District of California*

1  investigate, and (2) the April 15 domestic violence report and arrest.

2        **1.**       **Failure to Adequately Investigate Sexual Assault Reports**

3        The Court finds that Plaintiff has failed to allege facts sufficient to support a claim that the

4  Sheriff's Department's failure to investigate violated Plaintiff's equal protection rights.

5        Under a gender-based discrimination theory, the Court notes that Plaintiff alleges an

6  additional fact that could potentially support zir claim; however, the Court finds that the allegation

7  lacks the specificity necessary to provide Defendants adequate notice.  Plaintiff alleges the

8  deputies' statements reveal that their failure to adequately investigate the sexual assault reports

9  was "motivated by gender," TAC ¶ 72, and reflects the Sheriff's Department's policy of "under-

10  enforc[ing] crimes that disproportionately affect women," *id.* ¶ 73.  The statements include: "I'm

11  sorry but you are reporting an incident that occurred several months ago. There is nothing we can

12  do at this point"; "How can you remember any details given how much you had to drink?"; "What

13  did you think was going to happen after you went to his room alone?"  *Id.* ¶ 56.  The additional

14  fact that a deputy postured the question to Plaintiff, "What did you think was going to happen after

15  you went to his room alone?," reflects a gender bias that could support Plaintiff's claim that the

16  deputies treated Plaintiff's reports of sexual assault differently on the basis of gender. [4]  *See Motley*

17  *v. Smith*, No. 1:15-CV-00905, 2016 WL 6988597, at *3 (E.D. Cal. Nov. 29, 2016) (finding that

18  telling a domestic violence victim that if the officer were her father he would suggest she leave

19  town was "derogatory and demeaning and hints at 'an animus against abused women'")

20  (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 701–02 (9th Cir. 1990) (holding a

21  cognizable gender discrimination claim could be brought by female domestic violence victim

22  where the victim alleged police denied protection and made misogynistic comments)).  However,

23  it is unclear from the complaint who made this statement, when, and in what context.  For

24  _____

25  [4] The Court notes that Plaintiff does not identify as a woman.  Plaintiff uses ze/zir pronouns and
refers to zirself as "Mx. Kosey."  However, while the Court does not assume Plaintiff's gender, it

26  can be reasonably inferred from the pleadings that Plaintiff alleges the deputies perceived Plaintiff
as female given Plaintiff's new allegation that ze was housed with female inmates at the Santa

27  Cruz County jail.  TAC ¶ 61; *see also* Opp'n 2 ("Plaintiff alleges that law enforcement
discriminated against the perceived class of female.").

28  Case No.: 5:22-cv-07340-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

United States District Court
Northern District of California

United States District Court
Northern District of California

example, the Court cannot discern during which of the three sexual assault reports this statement occurred, or alternatively, whether the statement was made during the April 15 domestic violence report and arrest.  Similarly, it is unclear in what context a deputy made this statement, i.e., whether the statement was made in congruence with the deputy declining to take appropriate action to protect Plaintiff.  Without more specificity, the Court cannot discern which allegation this fact supports.

As to Plaintiff's class of one discrimination theory, the Court also finds that Plaintiff has failed to allege additional facts sufficient to state a claim.  While Plaintiff has maintained zir allegation that the Sheriff's Department treats sexual assault reports differently from other forms of assault, Plaintiff has failed to supply facts to support this conclusion.

### 2.    April 15 Domestic Violence Report and Arrest

However, the Court finds that Plaintiff has alleged facts sufficient to support a claim that the Sheriff's Department's arrest following Plaintiff's April 15 report of domestic violence violated Plaintiff's equal protection rights under a class of one theory.  By stating that the state of California categorically arrests reporting victims of domestic violence, the deputy indicated that victims of domestic violence are treated differently and offered less protections than victims of other forms of assault.  *See Fajardo*, 179 F.3d at 703–04.  These facts are enough at this stage to plead a claim for relief under the equal protection clause.

* * *

The Court therefore **DENIES** Defendants' motion to dismiss claim 2 as to the equal protection claim.  The Court finds that Plaintiff may proceed on zir claim that the deputy's statement and Plaintiff's subsequent arrest supports a claim under the Fourteenth Amendment equal protection clause.

### D.    Local Government Liability, 42 U.S.C. § 1983

Because the Court finds that Plaintiff has stated facts sufficient to support zir First Amendment right to petition claim and Fourteenth Amendment equal protection claim arising

United States District Court
Northern District of California

from Plaintiff's arrest following zir domestic violence report,[5] the Court will now address whether Plaintiff has pled facts sufficient to show that the County and Sheriff's Department can be held liable for this constitutional violation through a policy or custom, or the failure to train.

### 1. Policy or Custom

A municipality can only be held liable where the "municipality itself causes the constitutional violation through 'execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official capacity.'" *Ulrich v. City & Cnty. of S.F.*, 308 F.3d 968, 984 (9th Cir. 2002) (quoting *Monell*, 436 U.S. at 694). In the absence of an express official policy, a plaintiff may allege municipal liability through a custom or practice. *See City of St. Louis v. Praprotnik*, 485 U.S. 485 U.S. 112, 127 (1988). The particular custom or practice must be "so widespread" as to have the force of law. *Brown*, 520 U.S. at 404; *Praprotnik*, 485 U.S. at 127 (noting custom or practice must be "permanent and well settled"). A plaintiff may not merely "identify a custom or policy, attributable to the municipality, that caused his injury. [They] must also demonstrate that the custom or policy was adhered to with 'deliberate indifference to the constitutional rights of [others].'" *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1076 (9th Cir. 2016) (quoting *City of Canton v. Harris*, 489 U.S. 378, 392 (1989)).

Here, the deputy's statement that officers in California categorically arrests both alleged victim and perpetrator in response to reports of domestic violence supports Plaintiff's allegation that the County has a custom or practice of arresting domestic violence victims so widespread as to have the force of law—indeed, the statement falsely implies that this policy is in fact the law. *Contra* Cal. Penal Code § 13701 (discouraging dual arrests and mandating that officers "make reasonable efforts to identify the dominant aggressor in any incident," including considering "the intent of the law to protect victims of domestic violence from continuing abuse, the threats

---

[5] Because the Court found that Plaintiff failed to plead facts sufficient to state a claim that the deputies' failure to adequately investigate the three reports of sexual assault, the Court will only discuss the April 15 report and arrest serving as the basis for Plaintiff's surviving claims under the right to petition and equal protection clause.

Case No.: 5:22-cv-07340-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

creating fear of physical injury, the history of domestic violence between the persons involved, and whether either person acted in self-defense"). This is further supported by Plaintiff's new allegation that Plaintiff encountered women in similar circumstances while detained at the Santa Cruz County jail who had been arrested following their reports of domestic violence. These facts, construed in the light most favorable to Plaintiff, could show that the County's custom or policy reflects a deliberate indifference to reporting victims of domestic violence's constitutional rights under the First and Fourteenth Amendments.

The Court therefore **DENIES** Defendants' motion to dismiss claim 3.

### 2.    Failure to Train

A municipality can also be liable under Section 1983 for failure to adequately train, supervise, or discipline its employees. *City of Canton*, 489 U.S. at 387; *see also Davis v. City of Ellensburg*, 869 F.2d 1230, 1235 (9th Cir. 1989) (applying the same standard to inadequate supervision claims and inadequate training claims). In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights "may rise to the level of an official government policy for purposes of § 1983." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). A municipality's culpability for a deprivation of rights, however, is "at its most tenuous where a claim turns on a failure to train." *Id.* Municipal liability for failure to train attaches only where "the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton*, 489 U.S. at 388.

Here, Plaintiff has failed to allege additional facts to support a claim that the County and Sheriff's Department failed to train deputies on how to properly respond to domestic violence reports. Instead, Plaintiff re-alleges the same allegation that "[i]t can be inferred from circumstances, including the nature of the acts done, the relationships between the parties, and the interests of the alleged coconspirators, that Sergeant West gave substantial assistance or encouragement to Detective August Waltrip, and that Sergeant West's conduct was a substantial factor in causing the deprivation of Plaintiff Kosey's right to petition the Government for a redress

1    of grievances."  TAC ¶ 25.  This allegation is not only vague and conclusory, but it is also in

2    reference to the deputies' failure to investigate Plaintiff's various police reports, which, as the

3    Court discussed above, is not the basis for the surviving claims.

4         The Court therefore **GRANTS** Defendants' motion to dismiss claim 4.  Given that this is

5    Plaintiff's third attempt in this Court to allege additional facts to support this claim, the Court

6    grants the motion to dismiss this claim without leave to amend.  *See Lopez*, 203 F.3d at 1127.

7         **E.**     **Supervisory Liability**

8         Supervisor liability against individual officers can arise when the failure to supervise is

9    "sufficiently inadequate" and amounts to "deliberate indifference."  *Dougherty v. City of Covina*,

10   654 F.3d 892, 900 (9th Cir. 2011) (quoting *Davis*, 869 F.2d at 1235).  "[A] failure to supervise

11   generally gives rise to § 1983 liability in situations where 'there is a history of widespread abuse .

12   . . [because] [o]nly then may knowledge be imputed to the supervisory personnel.'"  *Manda v.*

13   *Albin*, No. 5:19-cv-01947-EJD, 2019 WL 6311380, at *8 (N.D. Cal. Nov. 25, 2019) (quoting

14   *Wellington v. Daniels*, 717 F.2d 932, 936 (4th Cir. 1983)).  "A single act or isolated incidents are

15   normally insufficient to establish supervisory inaction upon which to predicate § 1983 liability."

16   *Wellington*, 717 F.2d at 936.

17        Here, Plaintiff alleges that Sergeant West is personally liable for Plaintiff's harm; however,

18   again here, the allegations remain vague and conclusory, and the only reference to Sergeant West

19   is in relation to the deputies' failure to investigate Plaintiff's reports, which, as the Court discussed

20   above, is not the basis for the surviving claims.

21        The Court therefore **GRANTS** Defendants' motion to dismiss claim 5.  Given that this is

22   Plaintiff's third attempt in this Court to allege additional facts to support this claim, the Court

23   grants the motion to dismiss this claim without leave to amend.  *See Lopez*, 203 F.3d at 1127.

24        **F.**     **Defamation**

25        Plaintiff raises a new claim for defamation arising out of statements made to Plaintiff by

26   Plaintiff's public defender in an unrelated criminal case and statements made in a police report.

27   The Court did not allow leave to add new claims.  Further, the criminal case Plaintiff references is

28   Case No.: 5:22-cv-07340-EJD

United States District Court
Northern District of California

United States District Court
Northern District of California

separate and apart from the central facts at issue here regarding Plaintiff's domestic violence and sexual assault reports.

The Court therefore **GRANTS** Defendants' motion to dismiss claim 6 without leave to amend.

### G.     Failure to Prevent Deprivation of Civil Rights, 42 U.S.C. § 1986

Under Section 1986, "[e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured." 42 U.S.C. § 1986.  In other words, a plaintiff must first assert a valid Section 1985 claim in order to assert a valid Section 1986 claim.  *See Farley v. Henderson*, 883 F.2d 709, 711 n.3 (9th Cir. 1989) ("[Plaintiff] is precluded from bringing a claim under 42 U.S.C. § 1986 because he has failed to allege a claim under 42 U.S.C. § 1985.").  To establish a conspiracy under Section 1985(e), a plaintiff must show: "(1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy; and (3) a resulting injury." *I.H. by & through Hunter v. Oakland Sch. for Arts*, 234 F. Supp. 3d 987, 994 (N.D. Cal. 2017) (internal quotations omitted) (quoting *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000)).

Here, Plaintiff has failed to cure the deficiencies identified in the Court's Prior Order. Plaintiff again classifies the deputies and their supervisors as "co-conspirators," but Plaintiff's amended complaint still fails to allege any facts to show a conspiracy.  There are no facts pled to support Plaintiff's allegations that Defendants together agreed to deprive Plaintiff of zir constitutional rights.

The Court therefore **GRANTS** Defendants' motion to dismiss claim 7.  Given that this is Plaintiff's third attempt in this Court to allege additional facts to support this claim, the Court grants the motion to dismiss this claim without leave to amend.  *See Lopez*, 203 F.3d at 1127.

### H.     IIED

A plaintiff bringing an IIED claim must prove: (1) "extreme and outrageous conduct by the

1  defendant with the intention of causing, or reckless disregard of the probability of causing, emotional

2  distress;" (2) that the plaintiff actually suffered severe emotional distress; and (3) that the defendant's

3  outrageous conduct was the "actual and proximate" cause of the plaintiff's emotional distress.

4  *Catsouras v. Dep't of Cal. Highway Patrol*, 181 Cal. App. 4th 856, 874–75 (2010).

5       The Court again divides its analysis into two categories of allegations: (1) the failure to

6  investigate, and (2) the April 15 domestic violence report and arrest.

7                 **1.      Failure to Adequately Investigate Sexual Assault Reports**

8       As to Defendants' failure to investigate Plaintiff's prior reports to the Sheriff's Department

9  on November 9, 2021, December 26, 2021, and March 2, 2022, these facts remain largely the

10  same as in the prior complaint.  Plaintiff has failed to plead any additional facts to show that

11  Defendants' failure to investigate zir reports gives rise to an IIED claim.

12                 **2.      April 15 Domestic Violence Report and Arrest**

13       However, viewing all facts in the light most favorable to Plaintiff, responding to domestic

14  violence report by arresting the reporting victim at the hospital after receiving treatment for the

15  injuries sustained in the assault, where the alleged aggressor sustained no injuries and there is no

16  readily available evidence that Plaintiff acted as the aggressor, would be "so outrageous in

17  character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be

18  regarded as atrocious, and utterly intolerable in a civilized community."  *Pardi v. Kaiser*

19  *Foundation Hospitals*, 389 F.3d 840, 852 (9th Cir. 2004).  Further, Plaintiff has amended zir

20  complaint to allege severe emotional distress whereby Plaintiff "became despondent and was

21  forced to seek medical and psychological care," TAC ¶ 64, which could be regarded as distress

22  that no reasonable person in civilized society should be expected to endure.[6]  *See Wong v. Tai*

23  *Jing*, 117 Cal. Rptr. 3d 747, 767 (Cal. Ct. App. 2010).

24

25  _____

26  [6] Notably, Defendants fail to address Plaintiff's April 15 arrest in their motion to dismiss
Plaintiff's IIED claim, arguing only that "[f]ailing to investigate a police report, or doing so in an
alleged negligent manner," does not rise to extreme and outrageous conduct, and that "Plaintiff has
27  not alleged facts to show that County Defendants had a duty to Plaintiff to investigate Plaintiff's
reports and/or to do so in a specific manner."  Mot. 15–16.

28  Case No.: 5:22-cv-07340-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

United States District Court
Northern District of California

* * *

The Court therefore **DENIES** Defendants' motion to dismiss claim 8.  The Court finds that Plaintiff may proceed on zir claim that the deputy's statement and subsequent arrest following Plaintiff's April 15 domestic violence report gives rise to a claim for IIED.

### I.    NIED

A claim for NIED, on the other hand, is "not an independent tort, but rather is derived from the tort of negligence."  *Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*, 48 Cal.3d 583, 588 (1989).  Thus, a claim for NIED requires the plaintiff to establish the traditional elements of duty, breach of duty, causation, and damages, as well as show that he or she has suffered "serious" emotional distress.  *Wong*, 189 Cal. App. 4th 1354.  The Court finds that Plaintiff has failed to allege additional facts to cure the deficiencies identified in the Court's Prior Order regarding the NIED claim.

The Court therefore **GRANTS** Defendants' motion to dismiss claim 9.  Given that this is Plaintiff's third attempt in this Court to allege additional facts to support this claim, the Court grants the motion to dismiss without leave to amend.  *See Lopez*, 203 F.3d at 1127.

### J.    Additional Individual Defendants

As discussed above, the Court finds that Plaintiff has alleged facts sufficient to show that the April 15 domestic violence report and subsequent arrest gives rise to claims 1, 2, 3, and 8. However, Plaintiff has failed to allege additional facts to show that Defendants' failure to adequately investigate Plaintiff's three prior sexual assault reports supports any claims.

Plaintiff's amended complaint adds five individual defendants, four of which are not alleged to have been involved in the April 15 arrest, only the prior sexual assault reports. Defendant Deputy Emma Ramponi responded to Plaintiff's November 9, 2021, sexual assault report.  TAC ¶ 9.  Defendant Deputy Leland Blankenship responded to Plaintiff's December 26, 2021, sexual assault report.  *Id.* ¶ 15.  Defendant Detective August Waltrip investigated the December 26, 2021, sexual assault report.  *Id.* ¶ 20.  Defendant Deputy Phillip Major responded to the March 2, 2022, sexual assault report.  *Id.* ¶ 27.  Accordingly, these Defendants are dismissed.

United States District Court
Northern District of California

1   Sergeant Zachary West, however, is alleged to have approved Plaintiff's April 15, 2022, arrest.

2   *Id.* ¶ 61.  Thus, Sergeant Zachary West remains as a defendant at this stage in the pleadings.

3       **K.       More Definite Statement**

4           In the alternative to dismissal, Defendants requested that the Court order Plaintiff to file a

5   more definite statement as to all surviving claims.  Mot. 17.

6           "A party may move for a more definite statement of a pleading to which a responsive

7   pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a

8   response."  Fed. Rule Civ. Pro. 12(e).

9           Here, Defendants argue that the TAC is "vague, ambiguous, and contains conclusory

10  allegations."  Mot. 17.  However, Defendants provide no further illumination as to what

11  allegations are so vague, ambiguous, or unintelligible that Defendants "cannot reasonably prepare

12  a response."  Further, it is apparent from Defendants' motions identifying the legal theories at issue

13  that Defendants are "on notice" regarding which claims have been brought against them and why.

14          The Court therefore **DENIES** Defendants' request for a more definite statement.

15  **IV.    CONCLUSION**

16          Based on the foregoing, the Court ORDERS the following:

17      • The Court **DENIES** Defendants' motion to dismiss claim 1 for violation of the

18          First Amendment right to petition the government for redress of grievances.

19      • The Court **DENIES** Defendants' motion to dismiss claim 2 as to the violation of

20          the Fourteenth Amendment right to substantive due process claim, and **GRANTS**

21          Defendants' motion to dismiss claim 2 as to the violation of the Fourteenth

22          Amendment equal protection clause claim without leave to amend.

23      • The Court **DENIES** Defendants' motion to dismiss claim 3 for local government

24          liability through policy or custom.

25      • The Court **GRANTS** Defendants' motion to dismiss claim 4 for local government

26          liability through failure to train without leave to amend.

27      • The Court **GRANTS** Defendants' motion to dismiss claim 5 for supervisor liability

28  Case No.: 5:22-cv-07340-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS
18

United States District Court
Northern District of California

1    without leave to amend.

2        • The Court **GRANTS** Defendants' motion to dismiss claim 6 for defamation

3            without leave to amend.

4        • The Court **GRANTS** Defendants' motion to dismiss claim 7 for failure to prevent

5            deprivation of rights without leave to amend.

6        • The Court **DENIES** Defendants' motion to dismiss claim 8 for IIED.

7        • The Court **GRANTS** Defendants' motion to dismiss claim 9 for NIED without

8            leave to amend.

9        • The Court **DENIES** Defendants' request for a more definite statement.

10       **IT IS SO ORDERED.**

11   Dated: February 28, 2024

12

13                                              EDWARD J. DAVILA
                                                United States District Judge
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   Case No.: 5:22-cv-07340-EJD
     ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS
                                    19

United States District Court
Northern District of California